UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW BOYD, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FONTAINE MODIFICATION COMPANY, <br><br> Defendant. | Case No. |

# COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW BOYD, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and COX, STANSBERRY & KINSLEY, files this Collective and Class Action Complaint against Defendant, FONTAINE MODIFICATION COMPANY, (hereinafter referred to as "Defendant") and states as follows:

## INTRODUCTION

1. Plaintiff brings this action, individually and on behalf of all other similarly situated collective members who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover (i) unpaid overtime compensation Defendant failed to pay in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b); and (iv) attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) for which Defendant is liable as a result of its willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq*.

2. Plaintiff also brings this action individually and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated

damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2. as well as the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29.

3. Defendant operates "Fontaine Modification," a truck modification company providing post-production modifications to commercial vehicles and provides products including dual steering conversions, electric drivetrain installations, and extensive cab modifications to corporate graphics applications for large fleets.

4. Fontaine Modification is headquartered in North Carolina and has a facility in Dublin, Virginia.

5. Plaintiff Boyd worked for Defendant in Dublin, Virginia as a Quality Technician and Quality Document Coordinator.

6. Defendant employs hourly-paid workers in positions including, *inter alia*, quality technicians/quality document coordinators, material handlers/distribution center generalists and painters.

7. Defendant paid Plaintiff and other non-exempt employees on an hourly basis and did not pay them for work completed before and after their shifts, thereby depriving employees of compensation for all hours worked.

8. Defendant also failed to include all remuneration, including non-discretionary bonuses in the regular rate of pay for overtime calculations, in violation of the FLSA and VOWA.

9. Defendant's pay practices resulted in systematic underpayment of wages, including regular hourly pay and overtime compensation, in violation of federal and state law.

10. Defendant unlawfully paid hourly paid workers for fewer hours than are reflected

on their timesheets.

11. As a result, there were many weeks in which hourly paid workers were deprived of overtime compensation of 1.5 of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

12. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of a putative FLSA Collective, defined as:

> *All hourly-paid, non-exempt workers employed by Defendant in any place covered by the Fair Labor Standards Act at any time within the period of three years prior to the commencement of this action and the date of judgment. (hereinafter referred to as the "FLSA Collective").*

Plaintiff reserves the right to amend this definition as necessary.

13. Plaintiff brings his claims under the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2. as well as the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29. individually and on a class basis pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid, non-exempt workers employed by Defendant in Virginia at any time within the three (3) years preceding the commencement of this action through the date of judgment. (hereinafter referred to as the "Rule 23 Class").*

Plaintiff reserves the right to amend this definition as necessary.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

15. This Court has supplemental jurisdiction over Plaintiff's Virginia state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

16. The Court has personal jurisdiction over Defendant because it is domiciled in

North Carolina.

17. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

**Defendant**

18. Defendant Fontaine Modification Company is a corporation registered in North Carolina with a principal office address located at 8810 Old Dowd Rd Charlotte, NC 28214.

19. Defendant Fontaine Modification Company is a truck modification company providing post-production truck services for original equipment manufacturers.

20. The website for Fontaine Modification Company lists an address of 8810 Old Dowd Road, Charlotte, NC 28214.[1]

21. Defendant Fontaine Modification Company has designated the following registered agent for service of process in North Carolina: The Prentice-Hall Corporation System, Inc., 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

22. Defendant employs hourly paid workers in the service of post-production truck services for original equipment manufacturers of commercial vehicles.

23. During the relevant time period, Defendant employed Plaintiff, members of the collective, and Rule 23 Class members in Virginia as hourly paid workers.

**Plaintiff**

24. Plaintiff Matthew Boyd is a resident of Pulaski County, VA.

25. Plaintiff has been employed by Defendant since April 2024 as a quality

---

[1] https://fontainemodification.com

technician/quality document coordinator in Dublin, VA.

26. Plaintiff signed a consent form to join this lawsuit, which is attached as Exhibit 1.

## **FACTUAL ALLEGATIONS**[2]

27. Defendant Fontaine Modification is a provider of post-production modifications to commercial vehicles.

28. Defendant is the "employer" of hourly-paid employees within the meaning of the FLSA, VOWA, and VWPA.

29. Hourly-paid non-exempt workers are "employees" of Defendant within the meaning of the FLSA, VOWA, and VWPA.

30. Hourly-paid non-exempt workers' job titles include, but are not limited to, quality technicians, quality document coordinators, material handlers, distribution center generalists, and painters.

31. Hourly-paid non-exempt employees engage in post-production modification of trucks, communicate with clients, and order and stock materials.

32. Defendant suffers and permits hourly-paid workers to regularly work more than forty (40) hours per week.

33. Defendant requires hourly-paid workers to follow work schedules that typically consist of at least five shifts per week, each consisting of at least eight (8) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

34. Defendant suffers and permits hourly-paid workers to perform compensable work

---

[2] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

before and after their scheduled shifts.

35. Plaintiff and other non-exempt employees clock in and out using timekeeping systems implemented by Defendant.

36. When hourly-paid non-exempt employees clock in before the beginning of their scheduled shifts and perform compensable work related to the post-production modifications of trucks, Defendant fails to pay hourly-paid non-exempt employees for the time worked before their scheduled shifts.

37. When hourly-paid non-exempt employees continue working after the end of their scheduled shifts and remain clocked in to perform compensable work related to the post-production modifications of trucks, Defendant fails to pay hourly-paid non-exempt employees for the time worked after their scheduled shifts.

38. The compensable work employees perform before and after their scheduled shifts include, *inter alia*, running reports, entering data into spreadsheets, sending and receiving emails, and meeting with supervisors.

39. The time Plaintiff and similarly situated employees spend performing pre and post-shift tasks is compensable under the FLSA and Virginia law because they were integral and indispensable to their principal job activities and is performed with the knowledge and expectation of Defendant.

40. Defendant fails to pay hourly-paid non-exempt employees for time worked before and after scheduled shifts, including time that hourly-paid non-exempt employees perform compensable work and are clocked into Defendant's timekeeping system.

41. For example, in the pay period of April 15, 2024 to April 21, 2024, Plaintiff's time records indicate that he was clocked in for a total of 44.97 hours. After subtracting one half-hour

for each shift for unpaid, automatically deducted thirty-minute meal breaks, Plaintiff's time records indicate that he was clocked in and performing compensable work for a total of 42.47 hours, but his pay records for the same period show that he was paid for 42.25 hours.

42. Thus, in the pay period of April 15 to April 21, 2024 Defendant shorted Plaintiff a portion of his overtime compensation.

43. Defendant consistently paid Plaintiff for less time than was reflected in his time records, including regular wages and overtime wages.

44. In addition, Defendant pays Plaintiff and other non-exempt employees non-discretionary bonuses, including safety bonuses, which should be included in the regular rate for purposes of calculating overtime.

45. Defendant fails to include these bonuses in the regular rate, thereby underpaying overtime wages in violation of the FLSA and VOWA.

46. Defendant's unlawful pay practices were willful and not made in good faith.

47. Defendant's hourly, non-exempt employees include, but are not limited to, persons working in the positions of quality technicians/quality document coordinator, material handlers/distribution center generalist, and painters.

48. Defendant suffers and permits hourly paid workers to work over 40 hours per week.

49. As a result, there were many weeks in which hourly paid workers were deprived of overtime compensation of 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

50. Defendant's failure to pay Plaintiff and other hourly paid workers overtime compensation is not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of

Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

51. Defendant's violations of the above-described federal and state wage and hour statutes and regulations are willful, arbitrary, unreasonable and in bad faith.

52. Defendant knows, or alternatively, recklessly disregards the fact that the overtime pay hourly paid workers receive does not satisfy the FLSA's overtime requirements.

**COLLECTIVE ACTION ALLEGATIONS**

53. Plaintiff re-alleges and incorporates all previous paragraphs herein.

54. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the "FLSA Collective," defined above.

55. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant has operated an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

57. At all relevant times, Defendant has operated an enterprise that had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

58. At all relevant times, Defendant has operated an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

59. At all relevant times, Plaintiff and other FLSA Collective members were "engaged in commerce" and/or were "engaged in the production of goods for commerce," and subject to the individual coverage of the FLSA.

60. Plaintiff and other FLSA Collective members regularly worked over forty (40)

8
Case 3:25-cv-00293-MOC-DCK    Document 1    Filed 05/01/25    Page 8 of 19

hours a week as suffered and permitted by Defendant.

61. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

62. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

63. As a result of the foregoing, Plaintiff and other FLSA Collective members were illegally denied proper compensation and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

64. Plaintiff and other members of the FLSA Collective were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA.

65. Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime premium at a rate not less than one and one half (1.5) times of their regular rate of pay for all time worked overtime in excess of forty (40) hours in a workweek as required under the FLSA.

66. As a result, in many workweeks Plaintiff and other members of the FLSA Collective worked over 40 hours but were not paid for all such time at a rate not less than one and one half (1.5) times of their regular rates of pay.

67. Defendant's failure to pay Plaintiff and other members of the FLSA Collective overtime compensation as required under the FLSA was knowing and willful.

68. Defendant knew that their policies resulted in Plaintiff and other members of the FLSA Collective not being paid proper overtime compensation.

69. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they are hourly paid employees; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

70. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in Plaintiff not being paid proper overtime compensation apply to all members of the FLSA Collective.

71. Plaintiff estimates the FLSA Collective, including other similarly situated hourly paid workers over the relevant period, will include hundreds, or perhaps thousands of members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## **RULE 23 VIRGINIA CLASS ACTION ALLEGATIONS**

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the VOWA and VWPA.

74. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid

straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the VOWA and VWPA.

75. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

76. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

77. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

78. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

79. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary

to, or conflicting with, the interests of the class members.

80. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

81. Plaintiff and the Rule 23 class members demand a trial by jury.

82. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

83. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.

84. The claims of Plaintiff are typical of the Rule 23 Class Members he purports to represent, in that he and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

85. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and he has retained counsel that are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class members.

86. A class action is superior to other available methods for the fair and efficient

adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

87. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and believe the class, wage, and damage issues in this case can be resolved with relative ease.

88. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

89. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**Failure to Pay Overtime Wages**

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

92. Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

93. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

94. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

95. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

96. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

97. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, *see Conner v. Cleveland Cty.*, 22 F.4th 412, 425-26 (4th Cir. 2022) ("Accordingly, we hold that overtime gap time claims are cognizable under the FLSA"), liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of VOWA**
**Failure to Pay Overtime Wages**

14

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. The VOWA provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act … shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in any action brought pursuant to the process in subsection J of § 40.1-29."

100. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Virginia Class, for purposes of the VOWA.

101. Plaintiff and the other members of the Rule 23 Virginia Class were "employees" of Defendant, for purposes of the VOWA.

102. Defendant employed Plaintiff and the other members of the Rule 23 Virginia Class, for purposes of the VOWA.

103. Defendant required Plaintiff and the other members of the Rule 23 Virginia Class to work over forty (40) hours in most weeks.

104. Defendant failed to pay Plaintiff and the other members of the Rule 23 Virginia Class for all hours worked in excess of forty (40) hours in a workweek, including time worked before and after their scheduled shifts that was recorded in Defendant's timekeeping system.

105. Defendant failed to incorporate the non-discretionary bonuses paid to Plaintiff and other members of the Rule 23 Virginia class into their regular rate of pay for purposes of calculating their overtime pay.

106. In many weeks non-exempt hourly-paid workers worked in excess of forty (40) hours and Defendant did not compensate them at one and one-half times their regular rates of pay for all hours worked.

107. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all

of Plaintiff's and Rule 23 Virginia Class members' work hours were recorded and paid at time-and-a-half (1.5) of their regular rates of pay.

108. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VOWA. *See* Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2.

## COUNT III
### (Individual and Fed. R. Civ. P. 23 Class Action Claims)
### Violation of the VWPA
### Failure to Pay Wages

109. Plaintiff re-alleges and incorporates all previous paragraphs herein.

110. The VWPA requires every employer to pay "employees paid on an hourly rate at least once every two weeks or twice in each month," Va. Code Ann. § 40.1-29(A), and that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action…." Va. Code Ann. § 40.1-29(J).

111. Defendant was an "employer" of Plaintiff Matthew Boyd and the other members of the Rule 23 Virginia Class, for purposes of the VWPA.

112. Plaintiff Matthew Boyd and the other members of the Rule 23 Virginia Class were "employees" of Defendant, for purposes of the VWPA.

113. Defendant employed Plaintiff Matthew Boyd and the other members of the Rule 23 Virginia Class, for purposes of the VWPA.

114. Defendant failed to pay Plaintiff and the other members of the Rule 23 Virginia

16

Class for all hours worked, including time worked before and after their scheduled shifts that was recorded in Defendant's timekeeping system.

115. Defendant knowingly and/or recklessly disregarded its obligation to pay non-exempt hourly-paid workers for all the time they worked.

116. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to the VWPA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

117. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

118. Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the VOWA and VWPA claims set forth herein (Counts II and III);

119. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA Collective members and Rule 23 Class members;

120. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members and Rule 23 class members of their

17

Case 3:25-cv-00293-MOC-DCK    Document 1    Filed 05/01/25    Page 17 of 19

rights by law to join and participate in this lawsuit;

121. Designating Plaintiff Matthew Boyd as the representative of the FLSA collective and Rule 23 class;

122. Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 class;

123. A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

124. A declaratory judgment that Defendant's wage practices alleged herein violated the VOWA and the VWPA;

125. An Order for injunctive relief ordering Defendant to comply with the FLSA, VOWA, and VWPA, and end all of the illegal wage practices alleged herein;

126. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Class the full amount of damages, liquidated damages, interest, and penalties, available by law;

127. Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective and the Rule 23 class on these damages;

128. Awarding an incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

129. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by the FLSA, VOWA, and VWPA;

130. Such other and further relief as this Court may deem necessary, just, and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his

attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: April 30, 2025

> Respectfully submitted,
>
> s/ *Brian L. Kinsley*
> Brian L. Kinsley
> COX, STANSBERRY & KINSLEY
> 2024 Main Street, SW Suite B
> Cullman, AL 35056
> T: (205) 870-1205
> F: (205) 870-1252
> blkinsley@cskattorneys.com
>
> *Local Counsel for Plaintiff*
>
> BROWN, LLC
> Eric Sands (Will PHV)
> Nicholas Conlon (Will PHV)
> 111 Town Square Place, Suite 400
> Jersey City, NJ 07310
> T: (877) 561-0000
> F: (855) 582-5297
> ericsands@jtblawgroup.com
> nicholasconlon@jtblawgroup.com
>
> *Lead Counsel for Plaintiff*